IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSHUA ANTHONY,

            Plaintiff,                              Civ. No. 6:15-cv-01144-MC

      v.                                  OPINION AND ORDER

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

            Defendant.
_____

MCSHANE, Judge:

      Plaintiff Joshua Anthony brings this action for judicial review of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI). The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). Because the ALJ failed to follow the remand instructions of the Appeals Council and District Court, the Commissioner's April 23, 2015 decision is REVERSED and REMANDED.

**PROCEDURAL AND FACTUAL BACKGROUND**

      On April 5, 2011 and July 17, 2009, Plaintiff filed applications for DIB and SSI, respectively, alleging disability since May 13, 1997. Tr. 124-31, 150, 973-979. The claims were

1 – OPINION AND ORDER

denied initially on January 14, 2010, and on reconsideration on May 26, 2010. Tr. 73-76, 80-81. On April 11, 2011, Plaintiff appeared with counsel and testified via videoconference before an Administrative Law Judge (ALJ). Tr. 35-66. In a decision dated May 11, 2011, the ALJ found Plaintiff was not disabled. Tr. 14-34, 729-747. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on September 9, 2012. Tr. 1-6, 729-749.

Plaintiff appealed, and on August 15, 2013, the United States District Court issued a Stipulated Order of Remand. Tr. 705-716. On September 4, 2013, the Appeals Council issued its Remand Order. The Appeals Council also order the association of plaintiff's Title XVI claim filed January 14, 2013. Tr. 718-21. On February 24, 2014, Plaintiff appeared with counsel and testified before an ALJ. Tr. 625-698. Vocation Expert, Richard M. Hinks, also appeared. Tr. 671. In a decision dated April 23, 2015, the ALJ found Plaintiff was not disabled. Tr. 667-698. Plaintiff now seeks judicial review.

## <u>STANDARD OF REVIEW</u>

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence on the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, this Court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

The Commissioner's findings are upheld if supported by inferences reasonably drawn from the record; if evidence exists to support more than one rational interpretation, the court must defer to the Commissioner's decision. *Batson*, 359 F.3d at 1193; *Aukland v. Massanari,* 257 F.3d 1033, 1034-35 (9th Cir. 2000) (when evidence can rationally be interpreted in more than one way, the court must uphold the Commissioner's decision).

The ALJ need not discuss all evidence presented, but must explain why significant probative evidence has been rejected. *Stark v. Shalala*, 886 F. Supp. 733, 735 (D. Or. 1995). *See also Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (in interpreting the evidence and developing the record, the ALJ need not discuss every piece of evidence).

## DISCUSSION

The Social Security Administration uses a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. If claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner at step five. 20 C.F.R. § 404.1520. At step five, the Commissioner's burden is to demonstrate the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity, age, education, and work experience. *Id.*

Plaintiff contends that the ALJ's disability decision is not supported by substantial evidence and is based on the application of incorrect legal standards. In particular, plaintiff argues that: (1) the ALJ failed to follow the remand instructions of the Appeals Council and District Court that instructed the ALJ to further clarify the Plaintiff's residual functional capacity (RFC); (2) the ALJ erred at Step Two regarding Plaintiff's borderline intellectual functioning; (3) the ALJ erred at Step Three by failing to consult a medical expert; (4) the ALJ improperly

rejected Plaintiff's subjective testimony; (5) the ALJ improperly considered some medical source opinion while rejecting the other medical source opinion from Katrina McAlexander, PMHNP. The Commissioner argues in response that the ALJ's decision is supported by substantial evidence and is free of legal error.

## I. Remand Order

## A. Appeals Council's instructions on remand

In the decision dated May 11, 2011, the ALJ determined that the Plaintiff retained the RFC to perform "one-to-two step instructions given verbally." Tr. 22. This finding corresponds with a General Educational Development level of one. Based on this finding, the vocational expert (VE) testified that the Plaintiff could perform the job duties of an automotive detailer, hand packager, and patient transporter. Tr. 27. Those jobs, however, have General Educational Development levels of two, which requires the worker to "carry out detailed but uninvolved written or oral instructions."

The Appeals Council remanded the case to the ALJ to resolve this discrepancy. Tr. 720. The ALJ was instructed to obtain evidence from a VE to clarify the effect of the assessed limitations on the Plaintiff's occupational base. Tr. 720-721. The ALJ was ordered to ask the VE to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy. *Id*. The Order required the ALJ, before relying on the VE evidence, to identify and resolve any conflicts between the occupational evidence provided by the VE and information in the *Dictionary of Occupational Titles* (DOT) and its companion publication, the *Selected Characteristics of Occupations*. *Id*.

## B. ALJ's findings at the remand hearing

On remand, the ALJ held a new hearing and, after considering additional evidence, made new findings that went beyond the specific instruction of the remand order. Tr. 670-688. Namely, the ALJ made mental RFC findings which were less restrictive than the mental RFC found in the previous hearing. In the May 11, 2011 decision, it was determined that the Plaintiff had a General Educational Development level of one, limiting Plaintiff to one to two-step tasks. The April 23, 2015 decision, now finds that the Plaintiff is able to remember, understand, and carry out tasks and instructions consistent with Specific Vocational Preparation (SVP) 1 or SVP 2, and limited to occasional, superficial coworker contact (no teamwork) and no public interaction. Tr. 677. The ALJ also found the plaintiff able to perform medium exertional level work, precluding climbing of ladders, ropes, and scaffolds, and avoiding exposure to hazards such as unprotected heights and dangerous machinery. Tr. 677.

The Commissioner argues that the ALJ, in the remand hearing, reasonably assessed Plaintiff's RFC and set forth those limitations in the hypothetical question to the VE. Tr. 661-662. The VE considered these limitations in identifying unskilled jobs existing in significant numbers that Plaintiff could perform, including dishwasher, scrap sorter, and warehouse worker. Tr. 661-663. The ALJ determined that the VE's testimony was consistent with the DOT. Tr. 687.

## C. Plaintiff's arguments

Plaintiff argues that on remand, the ALJ failed to follow the instructions of the Appeals Council. Pl.'s Br. 8-10, ECF No. 19. The ALJ was not directed to make new findings regarding the plaintiff's reasoning level. Rather, the ALJ was to address the inconsistency of the identified jobs requiring a reasoning level of two, where plaintiff was found to have only a reasoning level of one.

This Court agrees with plaintiff's argument. Once particular findings are made and accepted, they, generally, cannot be revisited. Plaintiff did not appeal the initial findings regarding plaintiff's reasoning level of one. Those findings are accepted, and the ALJ does not get to now revisit them.

## CONCLUSION

The remand order was clear in that the ALJ was to focus on the identification of appropriate jobs in light of the initial assessment of plaintiff's limitations. The ALJ's initial decision was remanded, because the requirements of the identified jobs were inconsistent requiring a worker with a greater RFC than what plaintiff was found to possess. The ALJ was order to obtain evidence from a VE to clarify the effect of the already assessed limitations on the Plaintiff's occupational base. The ALJ was not to re-assess Plaintiff's limitation, but only their effect on Plaintiff's occupational base.

Because the ALJ failed to follow the remand order, the Commissioner's April 23, 2015 decision is REVERSED and REMANDED. Commissioner shall follow the instructions of the August 15, 2013 Stipulated Order of Remand and September 4, 2013 Appeals Council's Remand Order as applied to its May 11, 2011 decision.

IT IS SO ORDERED.


DATED this 22nd day of November, 2016.


_____s/Michael J. McShane_____
**Michael J. McShane**
**United States District Judge**